**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

———————

**No. 14-4669**

———————

UNITED STATES OF AMERICA,

              Plaintiff – Appellee,

     v.

ROGER WAYNE JONES, III,

              Defendant - Appellant.

———————

Appeal from the United States District Court for the Middle District of North Carolina, at Greensboro. James A. Beaty, Jr., Senior District Judge. (1:14-cr-00037-JAB-1)

———————

Submitted: April 30, 2015          Decided: May 20, 2015

———————

Before NIEMEYER, AGEE, and HARRIS, Circuit Judges.

———————

Affirmed by unpublished per curiam opinion.

———————

Eugene E. Lester, III, SHARPLESS & STAVOLA, PA, Greensboro, North Carolina, for Appellant. Eric Lloyd Iverson, OFFICE OF THE UNITED STATES ATTORNEY, Greensboro, North Carolina, for Appellee.

———————

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Roger Wayne Jones, III, appeals his jury conviction and 204-month sentence for possession of a firearm by a convicted felon, in violation of 18 U.S.C. §§ 922(g)(1), 924(e) (2012). Jones's counsel has filed a brief pursuant to Anders v. California, 386 U.S. 738 (1967), stating that there are no meritorious grounds for appeal but questioning whether a police search of a vehicle in which Jones was a passenger violated the Fourth Amendment, whether that was sufficient evidence to support the jury verdict, whether Jones's sentence is reasonable, whether Jones had ineffective assistance of counsel, and whether prosecutorial misconduct occurred. Jones has filed a pro se brief arguing that the Government failed to satisfy its burden of proof at trial and that the district court erred in sentencing him under the Armed Career Criminal Act ("ACCA").[1] We affirm.

First, with regard to Jones's Fourth Amendment claim, we conclude that Jones has waived his right to challenge the search because he failed to file a motion to suppress before trial. See United States v. Moore, 769 F.3d 264, 267 (4th Cir. 2014)

---

[1] Jones also filed a supplemental pro se brief, but he has moved to strike it and to stay this appeal. We grant the motion to strike, and we deny the motion to stay.

2

(providing standard), <u>cert. denied</u>, 135 S. Ct. 1463 (2015); <u>United States v. Whorley</u>, 550 F.3d 326, 337 (4th Cir. 2008) (applying waiver, declining to address suppression issues raised for first time on appeal, and citing cases adopting rule).

Jones also challenges the sufficiency of the evidence. We must uphold a jury's guilty verdict if there is substantial evidence, viewed in the light most favorable to the Government, to support it. <u>United States v. Hamilton</u>, 701 F.3d 404, 409 (4th Cir. 2012); <u>see</u> <u>United States v. Cornell</u>, 780 F.3d 616, 630 (4th Cir. 2015) (defining substantial evidence). "In determining whether there is substantial evidence to support a verdict, we defer to the jury's determinations of credibility and resolutions of conflicts in the evidence, as they are within the sole province of the jury and are not susceptible to judicial review." <u>United States v. Louthian</u>, 756 F.3d 295, 303 (4th Cir.) (internal quotation marks omitted), <u>cert. denied</u>, 135 S. Ct. 421 (2014). We have reviewed the trial transcript and conclude that the jury had ample evidence to support a guilty verdict. <u>See</u> <u>United States v. Reed</u>, 780 F.3d 260, 271 (4th Cir. 2015) (stating elements of offense).[2]

---

[2] To the extent Jones asserts error in the district court's handling of a jury question during deliberations, we reject his claim. <u>See</u> <u>United States v. Burgess</u>, 604 F.3d 445, 453 (4th Cir. 2012) (stating standard of review).

We next review Jones's sentence for both procedural and substantive reasonableness "under a deferential abuse-of-discretion standard." Gall v. United States, 552 U.S. 38, 41 (2007). We must "ensure that the district court committed no significant procedural error, such as . . . improperly calculating[] the Guidelines range." Id. at 51. If there is no significant procedural error, we then consider the sentence's substantive reasonableness under "the totality of the circumstances, including the extent of any variance from the Guidelines range." Id. We presume that a sentence below a properly calculated Guidelines range is reasonable. Louthian, 756 F.3d at 306. A defendant can rebut this presumption only "by showing that the sentence is unreasonable when measured against the § 3553(a) factors." Id.

After reviewing the presentence report and the sentencing transcript, we conclude that Jones's below-Guidelines sentence is both procedurally and substantively reasonable. The district court properly concluded that the ACCA applied to Jones and correctly calculated the advisory Guidelines range.[3] The court also listened to both parties' arguments, considered the 18

_____

[3] We also reject Jones's argument that the district court erred in not submitting the question of his prior convictions to the jury. See United States v. McDowell, 745 F.3d 115, 124 (4th Cir. 2014), cert. denied, 135 S. Ct. 942 (2015).

4

U.S.C. § 3553(a) (2012) factors, and articulated its reasons for giving Jones a sentence below that range. See Gall, 552 U.S. at 51 (discussing procedural reasonableness). In addition, Jones has not made the showing necessary to rebut the presumption of reasonableness accorded his below-Guidelines sentence.

Finally, contrary to Jones's suggestion in the Anders brief, the record contains no evidence of prosecutorial misconduct, and we decline to consider Jones's ineffective-assistance claim on direct appeal because the record does not conclusively establish his counsel's ineffectiveness. See United States v. Baptiste, 596 F.3d 214, 216 n.1 (4th Cir. 2010).

In accordance with Anders, we have reviewed the entire record in this case and have found no meritorious grounds for appeal. We therefore affirm the district court's judgment. This court requires that counsel inform Jones, in writing, of the right to petition the Supreme Court of the United States for further review. If Jones requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this court for leave to withdraw from representation. Counsel's motion must state that a copy thereof was served on Jones.

We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

AFFIRMED