**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 15-7069**

UNITED STATES OF AMERICA,

    Plaintiff - Appellee,

  v.

ROGER WAYNE JONES, III,

    Defendant - Appellant.

Appeal from the United States District Court for the Middle District of North Carolina, at Greensboro.  James A. Beaty, Jr., Senior District Judge.  (1:14-cr-00037-JAB-1)

Submitted:  November 25, 2015     Decided:  January 8, 2016

Before NIEMEYER, AGEE, and HARRIS, Circuit Judges.

Affirmed by unpublished per curiam opinion.

Roger Wayne Jones, III, Appellant Pro Se.  Kelley Patricia Kenned Gates, Special Assistant United States Attorney, Timothy Nicholas Matkins, OFFICE OF THE UNITED STATES ATTORNEY, Greensboro, North Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Roger Wayne Jones, III, appeals the district court's order denying his motion for a new trial under Federal Rule of Criminal Procedure 33 and his motion for correction of the presentence report. Finding no error, we affirm.

A jury convicted Jones of possession of a firearm by a convicted felon, and the district court sentenced him to 204 months' imprisonment. Jones appealed. While that appeal was pending, Jones filed a motion for a new trial based on an affidavit from a prosecution witness, Bryan Sabot. He also filed a motion to correct a perceived error in the presentence report. After we affirmed Jones' conviction and sentence, United States v. Jones, 611 F. App'x 116 (4th Cir. 2015), the district court denied both motions. The present appeal followed.

We have reviewed the record and conclude that the district court did not abuse its discretion in denying Jones a new trial. See United States v. Moore, 709 F.3d 287, 292 (4th Cir. 2013) (stating standard of review). Sabot's testimony at trial was inconclusive on the critical issue of whether Jones possessed a firearm, and the affidavit does not contain sufficient new evidence to suggest that a new trial would probably result in Jones' acquittal. See id. Similarly, to the extent Jones claims that the Government's suppression of such evidence

2

constituted a violation of <u>Brady v. Maryland</u>, 373 U.S. 83 (1963), he is not entitled to a new trial because the evidence is not material. See <u>United States v. Horton</u>, 693 F.3d 463, 470-71 (4th Cir. 2012). Finally, because Jones did not file his motion to correct the presentence report before he was sentenced, the district court properly denied that motion as untimely. See Fed. R. Crim. P. 32(f)(1), (i)(1)(D).

Accordingly, we affirm the district court's judgment. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

<u>AFFIRMED</u>